## David Crapo v. Gotlob Seybold.

*Sales: Growing wheat: Payment in oats: Credit.* It is competent for parties to contract to make a present sale, with possession, of a growing crop of wheat, payment therefor to be made at a future day in oats instead of money; and such a contract when made would be binding and would pass the title to the wheat, precisely as if the future payment were to be in money.

*Replevin: Undivided interest: Wheat in shocks.* In an action of replevin for an undivided interest in a crop of wheat standing in shocks, the defendant, having no interest in the other undivided half, cannot raise the point that the wheat being undivided when the writ issued, the action could not be maintained.

*Submitted on briefs April 18. Decided April 24.*

Error to Ionia Circuit.

This was replevin for some wheat which the plaintiff, Seybold, claimed by virtue of a purchase of an interest in the growing crop, to be paid for in oats to be delivered at a future time. The suit was originally brought in justice's court, where judgment passed for defendant, and the plaintiff appealed. In the circuit the plaintiff had judgment, and defendant brought error and the judgment was reversed and a new trial ordered: see *35 Mich., 169.* On the new trial plaintiff again recovered, and defendant has again brought error.

*W. O. Webster,* for plaintiff in error.

*Smith & Sessions,* for defendant in error.

CRAPO *v.* SEYBOLD.

MARSTON, J:

This case was before us and decided at the October term *(35 Mich., 169)*, when we held the contract was an executory one, and that the title to the oats and wheat had not passed. A new trial having been ordered, was had and proceeded upon the theory that the parties at the time of their agreement did not intend that the title to any particular one hundred bushels of oats should then pass, but that the oats should be delivered at some future time when demanded, but that the title to the wheat should and did then pass, and that such possession as could be given of growing wheat was given at that time: in other words, that there was a present sale of the wheat and possession given, payment therefor to be made, not in money, but oats at a future day. The case was submitted to the jury upon this theory, and they found in favor of the plaintiff below. There can be no doubt but that the parties had a right to make such a contract, and that when made it would be binding. The wheat could have been sold for money payable in the future, and it could in the same way have been made payable in oats, or any other commodity the parties chose to agree upon, and time could as well be given for the delivery of the oats, as for the payment of the money.

It is also claimed that the wheat being in shocks, and not divided at the time the writ of replevin was issued, such an action could not be sustained. The defendant in that suit did not have or claim any interest in the other undivided half of the wheat, and we do not see how he has any right to raise this question.

We discover no error. The judgment must be affirmed, with costs.

The other Justices concurred.