## Thomas W. Edwards v. August Heuer and Henry Brockschmidt.

*Depositions—Stenographer's notes as evidence—Act 8 of 1879.*

Circuit Court Rule 51 provides that all objections to the form of a deposition shall be deemed waived if not filed and served within two days after notice that the deposition has been received. A deposition was taken under a stipulation that the notary who should take it should certify that he was not of counsel nor in any manner interested for either party. It was only certified that he did not act as counsel for either party; but notice being given under Rule 51, no objection was filed nor any motion made to strike the deposition from the files. *Held* that there was no error in refusing to exclude the deposition on the ground that the certificate did not go far enough.

Where cross-examination has been unnecessarily restricted but full investigation has been obtained before the witness is dismissed, there is no prejudicial error.

Stenographer's notes of a party's testimony in a civil case, cannot, unless by consent, be introduced to contradict him on a subsequent trial of the same case, especially if not authenticated.

Act 8 of 1879, authorizing the minutes of the official stenographer to be used in settling a bill of exceptions, does not give them the character of depositions or of record evidence generally.

Error to Houghton. Submitted Apr. 13. Decided Apr. 27.

Assumpsit for the price of goods sold by Heuer & Brockschmidt to Edwards. Defendant brings error. Reversed.

*T. L. Chadbourne* and *Geo. D. Lincoln* for plaintiff in error.   A deposition taken on a stipulation that the notary taking it shall certify that he is not interested in the case, is inadmissible if he does not do so :   *Facey v. Otis* 11 Mich. 216 ;  *Cook v. Bell* 18 Mich. 392 ;  *Locke v. Tuttle* 41 Mich. 407.

*Chandler & Grant* for defendant in error.   A defect in returning a deposition is waived if it could have been amended on objection, and objection is not made :  *Barnum v. Barnum* 42 Md. 293 ;  *Morgan v. Corliss* 81 Ill. 72 ; *Central Railroad v. Rogers* 57 Ga. 336 ;  *State v. Dunn* 60 Mo. 69 ;  *Shutte v. Thompson* 15 Wal. 151 ;  *Kansas etc. Railroad Co. v. Pointer* 9 Kan. 620.

GRAVES, J.   There was no error in refusing to exclude Hughes' deposition.   It was taken on stipulation which provided that the person to act in taking it should be a notary public and not of counsel nor in any manner interested for either party, and that this should be certified by the notary in his return.   The only grounds of objection not distinctly waived by the stipulation were competency and relevancy. On the reception of the deposition by the clerk due notice was given according to the terms of rule fifty-one, but no objection was intimated until its offer at the trial.   The defendant's counsel then contested its admission on the ground that the notary's certificate was not full enough.   It stated that he did not act as counsel for either party, but went no further. There is no claim that as matter of fact he was interested, or that he acted dishonestly or partially, or that he lacked any qualification contemplated by the stipulation.   Nor is there any claim that a literal adherence would have been of any practical value.   The objection rests entirely on the fact that the certificate did not go to the exact extent specified.

Assuming, for the present purpose, that the defect was a sufficient departure from the stipulation to justify complaint by the defendant, yet we are quite satisfied that fair practice required that he should either make known his objection in

the mode described in the rule referred to, or at least by reasonable notice of motion to strike the deposition from the files or suppress it. Having ample notice that the deposition had been returned in attempted compliance with the stipulation, he owed it to the plaintiffs, who were resting upon his apparent acquiescence, to use such diligence in evincing his objection as would enable them to make reasonable efforts to avert serious consequences. *Kimball v. Davis* 19 Wend. 437; *Zellweger v. Caffe* 5 Duer 87; *Sheldon v. Wood* 2 Bosw. 267; *Rust v. Eckler* 41 N. Y. 488; *Sturm v. Atlantic Mutual Ins. Co.* 63 N. Y. 77; *Doane v. Glenn* 21 Wall. 33.

Several parts of the deposition were particularly objected to, but the rulings of the judge seem to have been regular. Complaint is made that the cross-examination of the witness Siller was unduly restricted. No doubt the questions excluded might have been allowed; but no harm was done. A full investigation was obtained before the witness was dismissed. Some exceptions appear where the decisions were manifestly within the judge's discretion.

But the record contains one ruling which cannot be defended. The plaintiff in error having been examined and cross-examined, the defendants in error were permitted to put in evidence, in order to contradict him and impair his credit with the jury, the stenographer's notes of his testimony on a former trial of the cause. No evidence was given to verify these notes or to invest them with the character of sworn minutes; nor was there any admission of their accuracy.

Their exclusive title to competency and credence consisted in their presence in the files as minutes made by the stenographer in the former trial when the jury disagreed. They were not depositions nor established *media* of general evidence in the cause. Neither party, except by consent or under circumstances not existing here, could use them before the jury as a method of proving the facts. To hold otherwise would imply that a party would have the right to defy objection, and rely exclusively on the minutes of a former trial, and avoid calling witnesses altogether.

The Legislature in providing for the assistance of short-hand writers did not intend that their notes should have more force than judge's minutes, and no one has ever supposed the latter to possess the inherent character of written evidence. They are allowed to be made use of in various ways and under various circumstances, but not as depositions or evidence of record. Wharton's Ev. §§ 180 and notes, 825 and notes.

The special provision for employing stenographer's notes to settle bills of exceptions in certain cases, affords no countenance to the practice pursued below. It gives a remedy for the particular case and goes no further. In order to preserve the right to a bill of exceptions where a vacancy occurs in the office of the trial judge, the minutes of the stenographer are allowed to be resorted to; and for the specific purpose of settling the bill in such case they are declared to be *prima facie* evidence of the testimony given. Act No. 8, Pub. Acts 1879, p. 5. This declaration would have been needless, however, if these minutes were already constituted evidence by the prior law.

The judgment must be reversed with costs and a new trial granted.

The other Justices concurred.