TOWNSHIP OF SPRINGWELLS v. WAYNE COUNTY TREASURER. HAMTRAMCK TOWNSHIP v. SAME.

*Municipal annexation—Collection of liquor tax.*

1. The right of a municipality to a liquor tax collected therein becomes vested at the date at which the law requires the tax to be paid; and if not then paid the subsequent annexation of the territory to that of some other municipality before its payment, does not transfer to the latter the right to the money.

2. Detaching territory from a township does not affect its ownership of anything but the land, unless the law provides for the transfer of other rights; if it does not, debts and other incorporeal rights still belong to the township.

Mandamus. Submitted Oct. 13. Granted Oct. 14.

Certain portions of the townships of Hamtramck and Springwells were annexed to the city of Detroit by Act 398 of 1885, approved May 26th and taking immediate effect. At that date there were sundry liquor dealers in the annexed districts whose liquor taxes were then due, but respondent denies that they had yet been paid. Such taxes are required by How. Stat. § 1283, to be paid to the treasurer of the county; and by § 1288 that officer is to pay the amounts so received to the treasurer of the "township, village or city" from which they were collected. When the taxes due from the annexed districts before annexation were actually paid in, these districts were already annexed, and belonged to the city; and when the township treasurers demanded their proportion of the moneys collected, the county treasurer refused to pay it to them on the ground

that it belonged to the city.   The townships then sued out the writ of mandamus to compel the county treasurer to pay as demanded.

*Edwin F. Conely* for relators.

*Henry M. Duffield* for respondent.

PER CURIAM.   Under the statutes the tax from every liquor dealer then in business is payable in advance to the county treasurer on the first Monday in May, and must by that treasurer be paid over to the local treasurer.   The only question before us is whether this money belongs to the township in which it ought to have been paid in May. or whether the subsequent annexation of a part of the township, bringing the dealer within the city of Detroit, entitled that city to all liquor taxes not then collected, although previously due to the townships.   In our opinion the right became vested in the townships to have this money on the first Monday of May, and it was then a fund which was their property.   Detaching part of a township does not affect the ownership of anything but lands.   All debts or rights incorporeal continue to be owned by the township, unless provision is made by law to the contrary.   The provision that the taxes are to be paid over to the townships from which they were collected does not refer to the locality of the dealer when paid, so much as to the place where he dealt when the tax became due.   His liability is not destroyed by subsequent change of place or jurisdiction.   His obligation, when once fixed, remains in force in favor of the original payee.

The mandamus must issue in each case, as prayed.