LUCY BARKER v. MARY E. HEBBARD, ADMINISTRATRIX
OF THE ESTATE OF CHARLES B. HEBBARD,
DECEASED.

*Evidence—Matters equally within knowledge of deceased person—
Stenographer's minutes—Testimony given on former trial.*

1. How. Stat. § 7545, prohibiting a party from testifying to facts equally within the knowledge of a deceased party, makes no exceptions, and the Court cannot legislate one into it.

2. The question of the competency of the testimony of a party to matters equally within the knowledge of a deceased party is presented to the court for its determination when the death of the party is proven.

3. A stenographer who took down the testimony of the parties to a suit on the first trial will not be allowed to testify on the second trial, had after the death of one of the parties, to what the surviving party said concerning matters equally within the knowledge of the deceased party; citing *Taylor v. Bunker*, 68 Mich. 258.

4. A stenographer's notes of testimony are not original evidence,

being neither read over to, nor signed by, the witness, and have no greater efficacy than those taken by the judge or by any other person; citing *Edwards v. Heuer*, 46 Mich. 95; *Toohey v. Plummer*, 69 Id. 345.

Error to Wayne. (Gartner, J.)    Argued May 14, 1890. Decided June 6, 1890.

Case.    Plaintiff brings error.    Affirmed.    The facts are stated in the opinion.

*Harry F. Chipman* and *Jasper C. Gates,* for appellant, contended:

1. We did not offer to have plaintiff "testify at all," but that the stenographer should testify as to plaintiff's evidence given on the former trial. If the testimony of the deceased defendant had been also given, how could it have been said that the dead man was testifying? Unless the words, "admitted to testify at all," are extended by implication, the statute has nothing to do with the case, the intention of which is well stated by CHRISTIANCY, J., in *Wright v. Wilson*, 17 Mich. 201.

2. If we could not thus prove plaintiff's former evidence, it was because of the prohibition of the statute. The court would have had no discretion, and would not have been justified in allowing plaintiff's evidence whether that of Hebbard was put in by defendant or not. But defendant had an absolute right to thus prove his evidence; citing *Howard v. Patrick*, 38 Mich. 795, 798, 799.

3. We have as much right to prove plaintiff's testimony taken on a former trial as to use her deposition had it been taken under the statute; citing *Howard v. Putrick*, 38 Mich. 795; *Dunbar v. McGill*, 69 Id. 297, 302; *Matson v. Melchor*, 42 Id. 479; *Labar v. Crane*, 56 Id. 585.

*C. A. Kent,* for defendant, contended:

1. Ordinarily, the testimony of a witness given on a former trial cannot be given as a substitute for his. oral evidence if he is present in court or may be present; citing *Mawich v. Elsey*, 47 Mich. 10; *People v. Long*, 44 Id. 297; *Kellogg v. Secord*, 42 Id. 318; and where a deposition has been taken under the statute, it cannot be read until proof has been given that the attendance of the witness cannot be procured; citing How. Stat. § 7422.

2. This Court has no power to make exceptions to the statute, but if any interpretation is allowable to suit a case like the one at bar, it should be to exclude all of the evidence given by the parties on a former trial, leaving the case to be tried by the principles of the common law; citing *Taylor v. Bunker*, 63 Mich. 258; *Blair v. Ellsworth*, 55 Vt. 415.

GRANT, J. Plaintiff sued Charles B. Hebbard to recover damages for alleged false representations as to the size of a piece of land which she purchased through defendant as agent for one Holmes. The suit was once tried during the life-time of Charles B. Hebbard, when both he and the plaintiff testified as to the transaction. That verdict was set aside, and a new trial ordered.

After showing upon the second trial that Mr. Hebbard had died since the first trial, and that both he and the plaintiff then gave testimony, and were examined and cross-examined, counsel for plaintiff offered that the testimony of defendant so given on the former trial might be introduced, and that he would not object thereto, and thereupon offered to read in evidence the testimony given by the plaintiff upon the former trial, which testimony tended to sustain the allegations in the declaration. To this, defendant's counsel objected as incompetent, under How. Stat. § 7545, which prohibits one party who is living from testifying to facts which were equally within the knowledge of the deceased. The circuit judge sustained the objection, and plaintiff brings error.

Under a similar state of facts, it was insisted that the plaintiff was competent to testify upon the second trial, but this Court held that that afforded no sufficient reason for abrogating the statute. *Taylor v. Bunker*, 68 Mich. 258. It is now sought to avoid the effect of that decision by offering to permit to the defense the right to have the stenographer placed upon the stand, and testify to what deceased said at the former trial, and, upon the refusal of the defense to accept the offer, then to have

the stenographer testify to what plaintiff said on that trial. But the statute is imperative, and stands as a barrier in the one case as well as in the other. The statute makes no exception, and we cannot legislate one into it. It expressly prohibits the living party from testifying. The second trial must be conducted in the same manner, and by the same rules, as the first. The question is presented to the court for its determination when the death of one party is proven.

The burden of proof was upon plaintiff. She must first have made her case. We assume, though it does not clearly appear from the record, that she could not do this without her own testimony. But, if the stenographer gives her testimony correctly, she was testifying just as much as though she herself were on the stand. The stenographer's notes of testimony are not original evidence. The testimony taken by him is neither read over to, nor signed by, the witness. It has no more efficacy than the judge's notes, or notes taken by other parties. *Edwards v. Heuer*, 46 Mich. 95; *Toohey v. Plummer*, 69 Id. 345.

Any one who has heard the testimony of the witness is competent to testify to what he said. Therefore, if plaintiff's contention be correct, the plaintiff herself might testify to what she said upon the former trial.

The ruling of the circuit judge was correct, and the judgment must be affirmed, with costs.

The other Justices concurred.