The Village of Grosse Pointe v. The Treasurer of Wayne County.

*Liquor tax—Municipal annexation—Mandamus—Set-off.*

Where, after paying over to a village on demand the portion of a liquor tax to which it claimed to be entitled, the county treasurer discovers that the liquor-dealer had engaged in his business before the corporate limits of the village were extended so as to embrace the portion of the township in which the business was being prosecuted when such payment was made (see *Township of Springwells v. County Treasurer*, 58 Mich. 240), he may retain the moneys so paid as an offset to any money due from him to the village.

*Mandamus.* Submitted February 5, 1891. Denied February 27, 1891.

Relator applied for *mandamus* to compel the payment of its portion of a liquor tax. The facts are stated in the opinion.

*Horace H. Rackham,* for relator.

*Edwin F. Conely,* for respondent.

Champlin, C. J. By Act No. 445, Local Acts of

1889, which took effect June 21, 1889, the corporate limits of the village of Grosse Pointe were extended so as to include territory formerly embraced within the township of Grosse Pointe. On July 25, 1889, one John Neff filed with the county treasurer a statement under oath that his residence was Grosse Pointe; that he. intended to engage in the business of selling or offering for sale at retail malt, brewed, or fermented liquors from July 1, 1889, to April 30, 1890, and that the place in which he proposed to carry on such business was Grosse Pointe, in the county of Wayne and State of Michigan.

The statute provides that if any person engages in such business after May 1 he shall, before commencing such business, make and file the like affidavit, and pay in advance a *pro rata* portion of the yearly tax (in this case the yearly tax being $300) for the remainder of the year ending April 30 next ensuing; and the time for which the tax shall be required shall be computed from the 1st day of that month in which the business shall commence, but no tax shall be for a less time than half a year. The tax paid into the county treasury by Neff was $250, being for 10 months from July 1, 1889.

A short time after this money was paid to the county treasurer, the township treasurer of the township of Grosse Pointe demanded of the treasurer the portion thereof due to the township of Grosse Pointe under the statute, which was one-half, less 1 per cent., thereof; and the county treasurer paid the same over, and took a voucher therefor. Later, and in December, the authorities of the village of Grosse Pointe called upon the treasurer of the county, and demanded one-half of said tax, less 1 per cent., as due to such village, claiming that under the statute the village was entitled to the tax, as Neff's place of business was within its corporate limits. The county treasurer thereupon paid to said

village its portion of such tax. Afterwards the county treasurer claims to have ascertained, and asserts the fact to be, that Neff had engaged in the business in the corporate limits of the township before the limits were extended so as to include his place of business in the territory of the village, and that therefore the tax was not due to the village, but to the town, under the ruling in the case of *Springwells Tp. v. County Treasurer*, 58 Mich. 240. And when Neff applied again to the county treasurer, and paid his tax of $300 to continue business another year, the county treasurer claimed the right to retain the $123.75 paid, as he claimed, by mistake, in the year 1889, to the village, and tendered it $24.75 as its portion of the tax properly payable to it. The village demanded one-half of said $300, less 1 per cent., and, on the refusal of the treasurer to pay, except the balance above stated, the village applies to us for a *mandamus*.

It is singular how such a mistake, resulting in paying to both the township of Grosse Pointe and the village of Grosse Pointe a portion of the tax paid by Neff, could have occurred. While the law requires the statement under oath to contain the residence of the person applying, and. the ward, village, or township in which he is engaged in or intends to engage in such business, and the statement on its face would lead one to believe that the business was to be carried on in the township of Grosse Pointe, yet, under the eighth section, relative to the bond which must be given, the contents would necessarily inform the county treasurer not only whether it was in the township, in which case the bond would be approved by the township board, or, if in the village, by the board of trustees or council, but of the exact place where the business was to be carried on, as this fact must be stated in the bond.

The petition for *mandamus* does not disclose anything

with reference to anything out of which the tax of 1889 originated. The answer sets up these facts as a reason why we should not grant the writ, but leave the village to its remedy at law. It is silent, however, as to the information contained in the bond, and alleges the fact that Neff was engaged in the business requiring the payment of a liquor tax in the township of Grosse Pointe prior to the time when Act No. 445 took effect; thus bringing the case within that of *Springwells Tp. v. County Treasurer*, 58 Mich. 240. As no issue was framed upon this allegation, it must be taken as true, and, if true, the tax belonged to the township, and the money paid to the village under a mistake of facts could be retained as an offset to any money due from the county treasurer to the village.

It follows that the *mandamus* must be denied, but without prejudice to any other action or proceeding by the village. No costs will be allowed to either party.

The other Justices concurred.