JOSEPH W. FREESE v. OTIS ARNOLD.

*Landlord and tenant—Division of crops—Mistake—Replevin.*

1. Where a written lease provides for the division of grain grown upon shares by a certain method, which is not followed, it is competent for the tenant to show, in a suit to recover an alleged excess of grain received by the landlord, that the landlord assented to the division as made.

2. Where, in the division of grain grown upon shares, the landlord, by mistake, receives more than his share, the tenant may, upon his refusal to deliver the excess, replevy the same.

Error to St. Joseph. (Loveridge, J.) Submitted on briefs January 2, 1894. Decided February 12, 1894.

Replevin. Defendant brings error. Affirmed. The facts are stated in the opinion.

*S. M. Constantine,* for appellant.

*Howell, Carr & Barnard,* for plaintiff.

HOOKER, J. The plaintiff was a cropper of defendant's land. By the terms of his written contract, the wheat was to be divided at the machine, the defendant to receive alternate half bushels. Ten hundred and fifty-six bushels of wheat was divided. By mutual assent this provision was not followed, and a division was made in another way, by which the plaintiff claims that the defendant received 50 bushels, machine measure, more than his share. He demanded 25 bushels, and was refused, whereupon he brought replevin.

It was proper to admit testimony tending to show the method of dividing the wheat, and that it was done by the assent of the defendant. He had a right to insist upon

a division by alternate half bushels, but if he saw fit to waive it he cannot now object. It was also proper to admit testimony showing what wheat was received by the plaintiff, and where it was taken, thereby laying a foundation for corroboration upon the subject of quantity; also the weight of the wheat, to ascertain the weight of the bushel by machine measure. It was also competent for plaintiff to show by the purchasers of wheat how much was delivered. It tended to prove the amount drawn away by plaintiff on his respective loads, and, while such testimony did not necessarily establish the quantity loaded, or exclude the possibility of another disposition of a portion, it was admissible by way of corroboration of the plaintiff's testimony.

A request to direct a verdict for the defendant was based upon the claim that the plaintiff was not entitled to the possession of any wheat until it was divided, and, when divided, only to that set off to him. This land was let to him upon his undertaking to farm it, and deliver one-half of the crop to the defendant. He had the rightful possession of all of the wheat, though it may be that the defendant had title to his portion. If he received more than his half there is no reason why the plaintiff should not be permitted to demand and recover it. A mistake ought not to divest him of his ownership or right to assert it. The Court has so frequently held that a tenant in common of grain may maintain replevin against a cotenant who unlawfully withholds the plaintiff's share as to render a discussion of the question superfluous. *Crapo v. Seybold*, 36 Mich. 444; *Sutherland v. Carter*, 52 Id. 471; *Wattles v. Dubois*, 67 Id. 313.

Mr. Gephart, a miller, testified that he was head miller at the Portage Mills, and that he had a clerk, who did some of the weighing. Witness remembered that plaintiff brought certain wheat there, but did not know where it

came from. Plaintiff identified it, however. The witness was asked if he had the receipts given for this wheat, and he said that he had stubs; that the receipts were surrendered up, when the wheat was paid for, to the company which operated the mill. No further explanation of the receipts or stubs or their use was given, but we may assume that the receipts were given to the plaintiff upon delivery of the wheat, and in that case they might be admissible, in connection with proof of the delivery of wheat, as part of the *res gestae;* and the same is true of the stubs. We cannot assume that the necessary evidence connecting them with the transaction was not given, in the absence of a statement that this was all of the evidence upon the subject.

A point is made over the question of demand. There is proof of a demand, but counsel contends that it was for 25 bushels, and that 26 bushels was the quantity replevied. The difference can be accounted for by the difference in weight shown between the machine and the statutory bushel.

A number of other questions are raised, but, after an examination of them all, we think there is no error in the record, and that the judgment should be affirmed.

The other Justices concurred.