## PLANTERS' & SAVINGS BANK v. HUIETT TP.

### (Circuit Court, D. South Carolina. September 15, 1904.)

1. MUNICIPAL BONDS—PROPERTY CHARGED WITH PAYMENT—TRANSFER OF TOWNSHIP TO ANOTHER COUNTY

> The fact that a township after it issued bonds was transferred from the county in which it then was and included in a new county cannot affect the liability of the people or property therein for the payment of such bonds.

Application for Writ of Mandamus.

Shields & Mountcastle and Haynsworth & Parker, for plaintiff.
J. Wm. Thurmond, B. W. Crouch, and E. S. Blease, for defendant.

PRITCHARD, Circuit Judge. This is an application for a writ of mandamus against the county commissioners, the county auditor, and county treasurer of Saluda county to compel them to levy and collect taxes against the property in Huiett township, for the purpose of paying a judgment recovered by the plaintiff in this case against the defendant township on August 5, 1898, for the sum of $4,345.23, with $41.50 as costs. This judgment was recovered upon coupons cut from bonds issued by the defendant township on August 3, 1886, under an act of the General Assembly of the state of South Carolina. By the terms of this act it became the duty of the county commissioners to issue their warrant to the county auditor, directing him to assess against the prop-

erty within said township such per centum as would be necessary to pay the bonds and interest as they should become due; and it became the duty of the county auditor to assess such per centum against the property in the township, and it was the duty of the treasurer to collect the taxes so assessed, and pay the same over to the bondholders. These officers have neglected to perform this duty. On June 17, 1899, execution was duly issued on said judgment, and the same has been returned unsatisfied. A rule to show cause has been issued against these officers why a writ of mandamus should not issue to them, commanding them to discharge the duties devolved upon them aforesaid. These officers made return, but for the reasons hereinafter set forth it is adjudged that the return is insufficient. At the time of the issuance of said bonds, Huiett township was included in the county of Edgefield, but afterwards, in the year 1895, by an ordinance of the constitutional convention, the county of Saluda was formed out of a portion of Edgefield county, and the township of Huiett was embraced within the new county of Saluda.

The fact that Huiett township, or the territory and people originally comprising said township, have been transferred from the county of Edgefield to, and included in, the new county of Saluda cannot change or modify the status or liability of the people or property of the township of Huiett as originally established and created. Mobile v. Watson, 116 U. S. 289, 6 Sup. Ct. 398, 29 L. Ed. 620; Watson v. Com'rs of Pamlico Co., 82 N. C. 17; Laramie County v. Albany Co., 92 U. S. 307, 23 L. Ed. 552; Mount Pleasant v. Beckwith, 100 U. S. 514, 25 L. Ed. 699; Windham v. Portland, 4 Mass. 389; Bristol v. New Chester, 3 N. H. 524; Springwells v. Wayne, 58 Mich. 240, 25 N. W. 329; State v. Cincinnati, 52 Ohio St. 419, 40 N. E. 508, 27 L. R. A. 737; Smith v. Saginaw, 81 Mich. 123, 45 N. W. 964.

All other questions raised by respondent have been disposed of in the case of Ex parte Folsom, Folsom v. Township of Ninety-Six, 131 Fed. 496, in an opinion filed in this court on July 30, 1904.

It is therefore ordered that a writ of mandamus issue to the county board of commissioners of Saluda county, consisting of Bailey Matthews, supervisor, and D. P. Mattheney and Wellington Sheppard, county commissioners, and their successors in office, and B. F. Webb, auditor for Saluda county, and his successors in office, and to H. B. White, treasurer for said county, and his successors in office, commanding them as follows, to wit: that said county board of commissioners and their successors in office do forthwith issue their warrant to the county auditor, directing him to assess against the property within Huiett township such per centum as may be necessary to pay said judgment recovered in this case, together with interest and cost, and commanding the said B. F. Webb, county auditor for said county, to make such assessment against the property within said township at the time fixed by law for assessing other taxes, and commanding the said H. B. White, treasurer for said county, and his successors in office, to collect said taxes so assessed, and pay the same upon the judgment; and the said officers, their successors, do continue to levy and collect such tax until the said judgment, interest, and costs be fully satisfied.