## OPSOMERE v. OPSOMERE.

1. TRIAL—DIRECTING VERDICT—APPEAL AND ERROR.
   A plaintiff, against whom a verdict is directed, is entitled to have the testimony he presents considered as true in disposing, on appeal, of the question of his right to recover.

2. REPLEVIN—RIGHT OF POSSESSION—LANDLORD AND TENANT—PERSONAL PROPERTY.
   Under an agreement by a son to work the farm belonging to his father for the crops raised, and to care for the father during the current year, in pursuance of which the father purchased a team and tools for use on the place, and to belong to

the father, the right of possession vests in the parent upon a breach of the contract by the other party, and the question of ownership should be submitted to the jury, where the son claims he purchased the property with his own funds.

Error to Bay; Collins, J.  Submitted April 7, 1910. (Docket No. 19.)  Decided July 14, 1910.

Replevin by Leander Opsomere against Alex Opsomere.  A judgment for defendant on a verdict directed by the court is reviewed by plaintiff on writ of error. Reversed.

*Gilbert W. Hand*, for appellant.

*W. A. Collins*, for appellee.

McALVAY, J.  This is an action in replevin, brought by plaintiff, aged 86 years, against his son, 40 years of age, to obtain possession of a team of horses, some harness, a wagon, plow, land roller, and a harrow, which the plaintiff claimed to own, and to be entitled to the possession of, at the time the writ issued.  The case was tried before the circuit court of Bay county, and a verdict was directed in favor of defendant, on the ground that at the time suit was commenced defendant, under the agreement between the parties, was entitled to the possession of the property.  Plaintiff has brought the case here for review by writ of error, and asks a reversal of the judgment, principally upon the ground that the court erred in instructing a verdict for defendant.

The evidence introduced by plaintiff tended to show: That he owned and resided alone upon a small farm in Bay county, which he had rented for cash for the year (1908) next preceding the year when this dispute arose for $150; that he had an opportunity to rent it for $175 cash the following year (1909); that in March of that year his son, the defendant, came to him and desired to work the place, saying that he had no home for his boys; that plaintiff then made the following agreement with defend-

ant: The son was to work the place for one year, to have everything he raised, and was to care for the plaintiff and furnish him a living. Defendant was to leave as much on the place at the end of the year as he found there. He was to have the right to use the tools then on the farm to work with. Plaintiff did not own any team. Defendant asked plaintiff if he had some money, and was told by plaintiff that he had some in the bank at Reese. Defendant then asked him to buy a team of horses with his money, and such new tools as were needed; the team and tools to belong to plaintiff, and to be used for working the farm. Soon after, on March 22, 1909, these parties went to Reese and called upon Mr. Herbst, an implement dealer, requesting him to go with them to the bank to draw out money to buy some horses. The old gentleman is French, and speaks little German or English. Mr. Herbst went with them, and $388.71 was drawn out and at once handed to the son. The canceled check for that amount is produced in evidence; on the same date plaintiff purchased from Herbst, on credit, a harrow, a plow, and a roller for $52. Both plaintiff and Mr. Herbst swear to these facts. A few days after the team was bought by the son and brought to the father, who was asked if he was satisfied with them, and they were afterwards used on the farm. The implements bought of Herbst were brought to the place by the son. In August defendant went away for eight or nine days. He came back intoxicated, and asked his father to drink with him, which he refused to do. He then asked him to deed him the farm, and upon refusal he seized his father and threw him down. Plaintiff then went to his daughter's house, one-half mile distant, and remained until 11 o'clock at night. He returned, accompanied by two neighbors. When they arrived, the defendant had gone away. In the morning plaintiff discovered that the team and the other property, which is claimed in this suit, had been taken away. The father then went to Bay City, where he remained for two weeks. When he returned he went with his daughter and a neighbor to

his farm, and the daughter made demand for this property of defendant for plaintiff. The son ordered them from the place, threatening to shoot her, and refused to surrender the property, claiming that it belonged to him. This property at this time was secreted at a farm three miles away, where defendant had taken it, and where it was afterwards found by the sheriff, and taken under the writ in this case. It was duly appraised, and under the statute, defendant having furnished a bond, the property was returned to him and has been in his possession.

The verdict having been directed against the plaintiff, he is entitled to have the testimony he presented considered as true for the purposes of this case. Taking this view of the case, if no testimony had been introduced on the part of defendant, we are satisfied that an instructed verdict for plaintiff should have been given, if requested. The trial court took the view that under this contract, as recited by plaintiff, the defendant was entitled at the time of the replevin to the possession of this property. In coming to this conclusion he overlooked the fact that, taking the testimony of plaintiff and his witnesses to be true, defendant had repudiated the contract, taken the property from the farm, and secreted it, and, when demand was made for it, denied plaintiff's ownership and asserted his own. If this was true, plaintiff was entitled to bring his action in replevin. *Wattles* v. *Dubois*, 67 Mich. 313, 315 (34 N. W. 672); *Freese* v. *Arnold*, 99 Mich. 13 (57 N. W. 1038). Defendant denied this contract, and claimed that the property was his, purchased with his own money. The issue of fact thus made was a question to be determined by the jury, and not by the court. The case should have been submitted to the jury under proper instructions. The court was in error in directing a verdict for defendant.

Further discussion is unnecessary. The judgment is reversed, and a new trial ordered.

Moore, Brooke, Blair, and Stone, JJ., concurred.