OPSOMERE *v.* OPSOMERE.

1. APPEAL AND ERROR—EVIDENCE—STENOGRAPHER'S NOTES.
   While minutes of the official stenographer taken at a previous trial should be proven before they are admitted in evidence, the objection comes too late on appeal by a party that asked to have the stenographer's minutes produced, and read from them on the trial without raising the objection that they were not proven.

2. REPLEVIN—DEMAND—INSTRUCTIONS TO JURY.
   In replevin it is not error to charge as a matter of law that a demand was made for the property by plaintiff when the evidence showing the demand is undisputed.

Error to Bay; Collins, J. Submitted November 10, 1911. (Docket No. 81.) Decided December 8, 1911.

Replevin by Leander Opsomere against Alex Opsomere. Judgment for plaintiff. Defendant brings error. Affirmed.

*W. A. Collins,* for appellant.

*Gilbert W. Hand,* for appellee.

MOORE, J. This case has been here before. A reference to the opinion found in 162 Mich. 65 (127 N. W. 15), will make a long statement of facts unnecessary.

Upon the second trial the plaintiff recovered a judgment. The defendant has brought the case here by writ of error. Many of the assignments of error relate to questions which are fully covered by the opinion, and reference will not further be made to them.

Two assignments of error, however, require attention:

(1) Were the notes of the stenographer admissible in evidence?

(2) Did the court err in his charge to the jury upon the question of demand?

1. Appellant insists the notes of the stenographer of testimony taken upon the former trial were not competent because not proven. If this objection had been made in the court below, it would have been well taken. See *Edwards v. Heuer*, 46 Mich. 95 ( 8 N. W. 717).

The record shows that the attorney for the plaintiff had caused a copy of the notes of the stenographer to be made, and upon the trial, at the request of the attorney for the defendant, produced them, and the attorney for the defendant then introduced such portions of them as he desired in evidence and read from them freely. Later counsel for the plaintiff desired to read from them, to show to what defendant testified on the former trial. Objection was made to this, not because of a failure to authenticate the notes, or because the evidence of the court reporter was the better evidence, but the objection was:

"*Mr. Collins:* Do I understand he can put the testimony of Alex Opsomere, the defendant in this case, my client, taken on the former trial, when he is here prepared to be sworn ?

"*The Court:* Yes.     *   *   *

"*Mr. Collins:* I do not understand that it is possible to use prior testimony on a former trial when you can get the witness and he is here, and there is no evidence here that he will not be sworn—

"*The Court:* I can only say in respect to that that I have done it myself many a time, and it is purely within the rule."

Some colloquy then occurred as to what portion of the notes was offered, and the court suggested that the attorney for plaintiff should indicate those portions he desired to offer to counsel for defendant, so that he could examine them during the noon hour. No further objection was made, and counsel for plaintiff read portions of the testimony given by the defendant on the former trial. Counsel for the defendant then read other portions of the notes. Enough has appeared to show that the notes of the stenographer came into the case in the first instance at the request of the attorney for the defendant, and were used by

him, and that at no time did he claim that they were not properly authenticated, or that the court reporter should be called.   Under these circumstances, this court ought not to say, and will not say, that what was done was error.   *Dunbar* v. *McGill*, 69 Mich. 297 (37 N. W. 285).

2. It is said the court erred in stating to the jury, as a matter of law, that a demand for the property was made by the plaintiff, but he should have left this question to them as a question of fact.   The trouble with this contention is that there was no dispute about the demand being made.   It was shown that upon the former trial the defendant testified that a demand had been made upon him. There was other testimony to the same effect, and it was nowhere denied.

The other questions do not call for discussion.

Judgment is affirmed.

OSTRANDER, C. J., and STEERE, BROOKE, and STONE, JJ., concurred.