## DOANE v. GLENN.

Where objections to the reading of a deposition made while a trial is in progress do not go to the testimony of the witness, but relate to defects which might have been obviated by retaking the deposition, the objections will not be sustained; no notice having been given beforehand to opposing counsel that they would be made.

Such objections, if meant to be insisted on at the trial, should be made and noted when the deposition is a taking or be presented afterwards by a motion to suppress it. Otherwise they will be considered as waived.

ERROR to the Supreme Court of the Territory of Colorado. John W. Doane, Patrick Towle, and John Roper (partners

as J. W. Doane & Co.), the plaintiffs in error in this case, commenced a suit in the first judicial district of the Territory for the county of Arrapahoe, against Oliver S. Glenn and Rufus E. Tapley. A writ of attachment was issued in their behalf, and certain personal property, described in the sheriff's return, was seized. Lockhart T. Glenn and George O. Tapley filed an "interplea," and claimed the property as belonging to them. The plaintiffs replied, denying the truth of the allegations of the interplea, and concluding to the country.

This proceeding is understood to have been according to the laws of the Territory. The issue made between the interpleaders and the plaintiffs was tried by a jury. Upon that trial the plaintiffs offered in evidence the deposition of James W. Hanna, a resident of the city of Chicago. It was taken under a dedimus issued pursuant to a notice served upon the counsel for the interpleaders. A copy of the interrogatories to be propounded to the witness was served with the notice. It appeared that the clerk opened, published, and filed the deposition by order of the court. The bill of exceptions contained the following passages:

"The plaintiffs then offered to read in evidence the deposition of James W. Hanna, taken May 29th, A.D. 1871, before William L. English, Esq., Cook County, Illinois; to the reading of which said deposition the said interpleading claimants, by their attorneys, objected on the grounds—

"1st. Because the parties in suit, John W. Doane. Patrick J. Towle, and John Roper, partners, as J. W. Doane & Co., commission specifies suit of Doane, Towle, Roper, and Raymond are parties, and dated May 8th, A.D. 1871, out of Weld County.

"2d. Because deposition is in this cause and not in the interpleader, and does not permit interrogatories to be propounded in behalf of the claimants.

"3d. Because there is no authentication of the official character of a notary public.

"4th. The commission is to take the deposition of James H. Hanna, and deposition taken is that of J. W. Hanna.

"Which said objection to the reading of said deposition to the jury was sustained by the court, and the said court refused

to permit said deposition so to be read; to which ruling of the court in excluding said deposition from the jury the said plaintiffs, by their attorneys, then and there excepted; and which said deposition is in the words and figures following, to wit," &c.

Verdict and judgment having been given for the defendant, and the Supreme Court of Colorado having affirmed the judgment, the plaintiffs brought the case here.

*Messrs. Chipman and Hosmer, for the plaintiffs in error; no opposing counsel.*

Mr. Justice SWAYNE, having stated the case, delivered the opinion of the court.

None of the objections to the reading of the deposition go to the testimony of the witness. All of them relate to defects and irregularities which might have been obviated by retaking the deposition. It does not appear that any notice beforehand was given to the counsel of the plaintiffs that they would be made. In such cases the objection must be noted when the deposition is taken, or be presented by a motion to suppress before the trial is begun. The party taking the deposition is entitled to have the question of its admissibility settled in advance. Good faith and due diligence are required on both sides. When such objections, under the circumstances of this case, are withheld until the trial is in progress, they must be regarded as waived, and the deposition should be admitted in evidence. This is demanded by the interests of justice. It is necessary to prevent surprise and the sacrifice of substantial rights. It subjects the other party to no hardship. All that is exacted of him is proper frankness.

The settled rule of this court is in accordance with these views.*

The District Court erred in excluding the deposition, and

---

* The York Co. v. Central Railroad, 3 Wallace, 113; Shutte v. Thompson, 15 Id. 160; Buddicum v. Kirk, 3 Cranch, 293.

the Supreme Court of the Territory erred, as regards this point, in affirming the judgment.

JUDGMENT REVERSED, and the case remanded with direction to issue

A VENIRE DE NOVO.