WM. G. ROGERS CO. et al. v. INTERNATIONAL SILVER CO.

(Circuit Court of Appeals, First Circuit. November 6, 1902.)

No. 434.

1. UNFAIR COMPETITION—JOINT LIABILITY.

A person who establishes a business for the purpose of engaging in unfair competition with an older concern by reason of the similarity between his name and that used by such concern as a trade-mark, and afterwards transfers such business to a corporation in which he becomes a stockholder, is liable to be enjoined with the corporation with respect to a continued unfair competition.

2. PRELIMINARY INJUNCTION—VALIDITY—REVIEW ON APPEAL.

A temporary injunction ordinarily relates to conditions as they exist at the time it was ordered, and the fact that its terms may be broad, as applied to certain possible future contingencies, is not a ground for the reversal.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

Samuel J. Elder and Edmund A. Whitman, for appellants.

Charles E. Mitchell and Hiram R. Mills (John P. Bartlett, on the brief), for appellee.

Before PUTNAM, Circuit Judge, and BROWN and LOWELL, District Judges.

PUTNAM, Circuit Judge. This is an appeal from an order of the circuit court directing an ad interim or temporary injunction. 113 Fed. 526. Except for two or three matters to which we will refer, the facts are stated in the opinion of the learned judge who disposed of the case in the circuit court, with whose conclusions, as well as with his reasons therefor, we are entirely satisfied.

It is claimed that the business inaugurated by William G. Rogers was bona fide, and that, being such, it stood after its transfer to the respondent corporation with all the same rights as before its transfer. There is nothing that shows any particular finding below on this proposition; but the very small amount for which all the assets of Rogers were transferred to the corporation, as well as some other facts to which it is not necessary to refer, establish, on the present record, beyond any reasonable doubt, that the purpose of Rogers, from the incipiency of the business, was as stated in the complainant's bill, and was not bona fide, in the sense in which such an expression is used by the courts with reference to protecting established commercial or manufacturing interests. The circuit court was right in holding that Rogers was a joint tort feasor with the corporation to which he assigned his apparent business interests.

The respondents also press upon us the question of laches. Laches is often fatal on an application for a temporary injunction when it would not be on final hearing. Of course, even where a complainant's right is clear, he cannot always, by the interposition of inter-

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165, and Lare v. Harper, 30 C. C. A. 376.

locutory proceedings, suddenly arrest a commercial or manufacturing business which has been built up or inaugurated, with any considerable expenditure, during his silence, if he had been informed of the facts. The present case, however, shows that the complainant was vigilant in ascertaining the facts with reference to William G. Rogers, and that as soon as they were ascertained it proceeded promptly. It also shows that meanwhile no new commercial or manufacturing interests have been inaugurated, because all that was done was a continuance of an old manufacture under the name of the new corporation. In the present record there is no such case of laches as defeats the rights of the complainant, in other respects clear.

It is also maintained that the injunction granted by the circuit court, in so far as it relates to William G. Rogers, was too broad, in that it would prevent his pursuit of a legitimate business under some future contingencies. It is impossible for courts, with reference to proceedings of this character, to anticipate all future possibilities, so that temporary injunctions relate ordinarily to conditions as they exist when the injunction is ordered. Inasmuch as, notwithstanding an order of this character has been affirmed on appeal, the injunction remains subject to modifications or even dissolution by the circuit court (Davis Electrical Works v. Edison Electric Light Co., 8 C. C. A. 615, 60 Fed. 276, 282), future contingencies can be taken care of in such way as justice may then require.

The order appealed from is affirmed, and the costs of appeal are awarded to the appellee.