SPERRY & HUTCHINSON CO. v. MECHANICS' CLOTHING CO.

(Circuit Court, D. Rhode Island.    March 10, 1904.)

No. 2,651.

**1. PRELIMINARY INJUNCTION—GROUNDS FOR MODIFICATION.**

A preliminary injunction restraining defendants from using trading stamps issued by complainant, based on a finding that a portion of the stamps in defendant's possession were obtained in fraud of complainant's rights, will not be modified on application of defendants to permit them to use stamps acquired by them after its issuance in a different and lawful manner, where the question of their right to use stamps, even when so obtained, is in issue, and was expressly reserved for determination on final hearing.

In Equity.   On petition for modification of a decree for a preliminary injunction.

See 128 Fed. 800.

Tillinghast & Murdock and W. Benton Crisp, for complainant.
Edward D. Bassett, for defendant.

BROWN, District Judge.   The defendants seek to modify the preliminary injunction, not upon the ground that it was improvidently issued, but because of matters that have occurred subsequent to the entry of the decree. Assuming, for this petition, that the defendants have duly advertised their lack of authority from the Sperry & Hutchinson Company to issue trading stamps, and that this is generally known, is this a sufficient reason to move this court to affirmative action? By their wrongful acts the defendants were brought under injunction, and therefore, upon this petition, have not the advantages of a defendant resisting a preliminary injunction on the ground of doubt as to a legal right, but become moving parties, with the burden of showing cause for a modification of the injunction. The injunction was granted on the ground of unfair and fraudulent interfer-

ence with the complainant's contracts and with its property. The advertisements containing a representation of authority from the complainant were but one feature. In addition to this was the inducement of breaches of contract, and the procurement of trading stamps by this means, as well as by offers of redemption. While the court was of the opinion that the complainant had failed to show title to the stamps which the defendants had acquired from the general public, the question of the effect upon this case of the doctrine stated in National Telegraph News Co. v. Western Union Telegraph Co., 119 Fed. 294, 56 C. C. A. 198, 60 L. R. A. 805, was expressly reserved to final hearing. While it was said that this point was doubtful and debatable, yet it cannot be said that the contention of the complainant that it is entitled to restrain the use of trading stamps for advertising purposes by persons not authorized by the Sperry & Hutchinson Company is frivolous, or manifestly unsound. The case is a novel one, and no decision has been cited which touches the precise questions raised. The complainant has an extensive advertising business. One of the instruments of this business is the trading stamp. To employ it otherwise than in the manner intended would doubtless result in a serious damage to the complainant's business, without corresponding advantages to persons competing with the complainant as these defendants have done. The defendants, in effect, now ask that this question be decided before final hearing, not to protect rights which accrued to them before the entry of the injunction, but presumably because, since the injunction, they have procured, or because they propose to procure, trading stamps other than those impounded in this court. Being under an injunction against the use of trading stamps, and having notice of the question reserved for final hearing, they have voluntarily chosen to acquire these stamps, knowing that, until they could move this court to affirmative action, they could not dispose of them.

In General Electric Co. v. Re-New Lamp Co. (C. C.) 121 Fed. 164, 170, it was said:

"With full knowledge it assumed a new risk, * * * and the further risk of litigating novel points of law. Under such circumstances we think that a risk voluntarily assumed before litigation may be continued until the rights of the parties are established on final hearing."

This is applicable to a defendant who seeks affirmative action of the court based upon matters arising since the granting of an injunction.

It has already been said that the defendants are not deprived of any lawful rights in losing the benefit of their previous advertisements. Upon this petition, therefore, they stand simply in the position of persons who have acquired trading stamps in reliance upon their views of a legal question which has been expressly reserved for final hearing. To grant this petition would involve a decision of the point reserved; and, if the decision on the interlocutory motion should be in favor of the defendants, and that rendered on final hearing were in favor of the complainant, the complainant thereby would suffer irreparable damage, while the result of denying the petition would be

to preserve the status quo without subjecting the defendants to any other inconvenience than that of the delay incident to the preparation of the case for final hearing.

In Cotting v. Kansas City Stock Yards Co. (C. C.) 82 Fed. 850, Judge Thayer, though deciding to dismiss a bill, yet continued an injunction in order to maintain the status quo, and to prevent irreparable injury pending an appeal. See, also, Hovey v. McDonald, 109 U. S. 150, 161, 3 Sup. Ct. 136, 27 L. Ed. 888; Allison v. Corson, 88 Fed. 581, 32 C. C. A. 12.

In Rogers Co. v. International Silver Company, 118 Fed. 133, 55 C. C. A. 83, it was urged that the interlocutory injunction was too broad, in that it might prevent the pursuit of a legitimate business under some future contingencies; yet the Circuit Court of Appeals for this Circuit said:

"It is impossible for courts, with reference to proceedings of this character, to anticipate all future possibilities, so that temporary injunctions relate ordinarily to conditions as they exist when the injunction is ordered."

While, upon a proper showing affecting the grounds upon which an injunction was originally issued, or setting up new matter from which it appears that to continue an injunction would result in serious or unnecessary injury, an injunction may be modified, yet, in my opinion, such showing has not been made upon this petition, since the new matter goes only to a portion of the evidence upon which the injunction was granted, and does not show a situation where serious or unnecessary injury will follow its continuance.

Petition denied.