COLUMBUS RY. CO. v. PATTERSON.

(Circuit Court of Appeals, Sixth Circuit. February 15, 1906.)

No. 1,430.

1. DEPOSITIONS—GROUNDS FOR EXCLUSION—CLERICAL ERRORS IN CERTIFICATE.
    The fact that a notary public, in his certificate to a deposition taken before him, through a clerical mistake misstated the name of the witness, whose name was correctly given in the caption, and also signed his own name thereto, reciting that the signature was made by him instead of the witness under a stipulation attached which authorized him to sign the transcript of the shorthand notes which had been signed by the witness, is not sufficient to render the deposition inadmissible, where both parties were present and examined the witness and no prejudice resulted from the error.
    [Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Depositions, §§ 173, 183, 266-267.]

2. APPEAL—RESERVATION OF GROUNDS OF REVIEW—OBJECTIONS—ADMISSION OF DEPOSITION.

> An objection to the admissibility of a deposition in a federal court, on the ground that it is not shown that the witness is at the time of trial without the reach of a subpoena, is waived if not made at the time, and will not be considered when made for the first time in the appellate court.

In Error to the Circuit Court of the United States for the Southern District of Ohio.

Thomas J. Keating, for plaintiff in error.

D. F. Pugh, for defendant in error.

Before SEVERENS, Circuit Judge, and WANTY and COCHRAN, District Judges.

SEVERENS, Circuit Judge. This is an action brought by Patterson against the Columbus Railway Company, a street railway company operating in the city of Columbus, to recover damages for a personal injury sustained by him, as he alleges, in consequence of the negligence of the company in the management of one of its cars in not stopping while he was attempting to enter it as a passenger. Upon the issues made by the answer, which denied the negligence charged to the defendant and alleged contributory negligence on the part of the plaintiff, and by the replication of the plaintiff to the latter charge, the cause was tried before a jury. A verdict for $2,100 in favor of the plaintiff was rendered, and judgment was entered accordingly.

At the trial evidence was given by both the parties upon both the issues above mentioned. The defendant, now plaintiff in error, offered in evidence a deposition of John H. King, who was the conductor of the car on or near which the plaintiff received his injury, and who, in his deposition, described the circumstances of the accident. Upon objection of counsel for the plaintiff, the court excluded the deposition, and an exception to this ruling was saved by the defendant. This exception is the only one which we now need to consider. The deposition was taken two months before the trial; but, as we infer from the remarks of the court, it was not filed until the day before the trial. The statute of Ohio relating to the practice of taking depositions prescribes that all objections to depositions, except those which go to the competency and relevancy of the evidence, must be taken before the trial; otherwise they will not be regarded. Rev. St. Ohio 1906, § 5285. This provision is not unusual in legislation and is obviously designed to prevent the party intending to use the deposition from falling into a trap on the trial when it is too late to extricate himself by asking a postponement or other opportunity for remedying the defect. And the courts of the United States, without the aid of any statute, have recognized the force of the principle underlying such statutes, and required the observance of fairness and good faith by making seasonable objection to all defects in matters of form or procedure which do not affect the substantial rights of parties. Doane v. Glenn, 21 Wall. 33, 22 L. Ed. 476; Howard v. Mfg. Co., 139 U. S. 199, 11 Sup. Ct. 500, 35 L. Ed. 147; Bidd v. Allen, 149 U. S. 481, 13 Sup. Ct. 950, 37 L. Ed. 819.

No objections had been filed. The objection made by plaintiff's counsel to the reading of the deposition was that there "is no certificate of the notary public certifying that such a deposition was taken, the name in the certificate of the notary public being 'John R. Patterson,' and the deposition being signed, 'Paul C. Martin, notary public, for and on behalf of John R. Patterson, as per stipulation;' the name 'John H. King' nowhere appearing in the certificate or signature." This last ground of objection imports nothing more than a clerical mistake in the use of names, as will be seen later on. It becomes necessary to explain that the deposition was taken on notice to the plaintiff's counsel stating that the witness John H. King was about to go out of the district and to a greater distance than 100 miles from the place of trial, and that his deposition was intended to be used upon the trial. At the time and place specified in the notice, counsel for the respective parties and the witness King appeared, and the deposition was taken before Paul C. Martin, a notary public. The caption states that what follows is the "depositions of sundry witnesses in a cause  *  *  *  wherein James R. Patterson is plaintiff and the Columbus Railway Company is defendant,  *  *  * to be read as evidence in behalf of the defendant on the trial of the aforesaid cause." Then appears the following: "John R. Patterson, of lawful age, being by me first duly sworn as hereinafter certified, deposes and says as follows:" But no deposition of John R. Patterson follows, and the statement quoted is wholly inconsequential and inert.

Thereupon, under an original entitling of the court and cause, the document proceeds as follows:

"Deposition of John H. King, taken on the 15th day of April, A. D. 1903, at the law office of Martin & Martin, Springfield, Ohio, before Paul C. Martin, a notary public, of the county of Clark and state of Ohio, in the above entitled cause pending in the Circuit Court of the United States, for the Southern District of Ohio, Eastern Division.

"Present: F. S. Monnett, on behalf of plaintiff; H. J. Booth, on behalf of defendant."

Then, before proceeding to take the deposition, the counsel agreed as follows:

"It is stipulated by the parties that the deposition of the witness shall be taken in shorthand and the stenographic notes signed by him, and that the deposition shall be written out on typewriter and the transcript signed by the notary public before whom the deposition was taken, which shall have the same effect as if same were written out in longhand or typewritten, and signed by the witness himself."

The statement and deposition proceed as follows:

"John H. King, being by me first duly sworn as hereinafter certified, deposes and says as follows:

"Examined by H. J. Booth.

"Q. 1. State your name, your age, and your occupation. A. John H. King, thirty-nine, laborer."

On cross-examination by plaintiff's counsel, the first question put is: "When did you come to Springfield, Mr. King?" And in an examination and cross-examination filling nearly 20 pages of the record, the

witness states with much particularity the details of the accident and his own relations to it from being the conductor of the car. He also stated that he did not expect to remain in Ohio, but expected to leave that state within a week and go to Indiana. The deposition as offered was typewritten, and was not signed by the witness, but was signed by the person taking it as follows:

"Paul C. Martin, Notary Public, For and in behalf of John R. Patterson, As per Stipulation."

Then follows the certificate:

"I, Paul C. Martin, a notary public in and for the county and state afore-said, duly commissioned and qualified, do hereby certify that the above-named witness, John R. Patterson, was by me first severally sworn to tes-tify the truth, the whole truth, and nothing but the truth, and that the deposition by him respectively subscribed as above set forth was reduced to writing by Marie Kelley, and also so written in the presence of the witness aforenamed respectively, and was subscribed by the said witness in my presence, and was taken at the time and place in the annexed notice specified and in accordance with the stipulations set forth at the beginning of this deposition. * * *

"In witness whereof, I have hereunto set my hand and seal of office this 21st day of April, A. D. 1903.
            "[Signed]                    Paul C. Martin, Notary Public."

In the certificate it is seen that the name of the witness is given as "John R. Patterson," instead of "John H. King," as it should have been, and this is the fault of the certificate. But no one concerned with the case could possibly have any doubt that the witness intended by this certificate was John H. King, who gave the deposition, and that the giving another name was a clerical blunder. The statements made at the end of the certificate and the reference to "the stipula-tion set forth at the beginning of this deposition" show unmistakably the bond of connection between the certificate and the deposition. That being so, we think the court was in error in holding as it did that no deposition of the witness King had ever been certified by the notary. The identity of the witness was in nowise mistaken in con-sequence of naming him "John R. Patterson."

Then as to the objection that the deposition was signed "Paul C. Martin, Notary Public, For and in Behalf of John R. Patterson, As per Stipulation." This, too, was a clumsy performance in stating that it was signed in behalf of the plaintiff. But the notary was intending to sign the deposition in compliance with the stipulation as his ref-erence to it shows. And his signature performed the purpose of the stipulation—that is, of identifying the deposition in typewriting as the one which had been taken in shorthand; and the language he appended was harmless. It is clear from the stipulation that it was intended that the shorthand notes only should be signed by the witness, and that the transcript thereof should be signed by the notary. The certificate states that the deposition as taken—that is, in shorthand— was signed by the witness. Thus every substantial requirement of the stipulation was complied with, and every requirement of the statute of Ohio (section 5280) in the statement of what facts shall be shown by the certificate was also fully complied with. We have gone through these facts quite fully in order to show our warrant for

thinking that the court below laid too much stress upon matters of form merely and too much disregarded the essential factors of the question.

The laws of the states prescribing the manner of taking and returning depositions de bene esse may be followed in suits prosecuted in the federal courts; but the circumstances in which they may be used depend upon the statutes of the United States whenever those statutes apply. By Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664], it was provided:

"That in addition to the mode of taking the depositions of witnesses in causes pending at law or in equity in the District and Circuit Courts of the United States, it shall be lawful to take depositions or testimony of witnesses in the mode prescribed by the laws of the state in which the courts are held."

But it is now urged that notwithstanding there may have been error in excluding the deposition on the ground stated in support of the objection, still the ruling may be supported on another ground not suggested by the counsel or by the court, which is that the defendant had not shown that the witness was then beyond the reach of the process of the court; and counsel argues that without such showing the deposition is without legal force or value as testimony and seems to suppose that it has no sanction or competency without the preliminary proof. But this is an erroneous view of the matter. It is true that the absence of the witness is a condition to the use of the deposition; but the condition is for the benefit of the opposite party, which he can insist upon or not as he pleases. If he does not insist upon it, the court would not of its own motion exclude the deposition because it has not the quality of evidence. Or if the court entertained the idea that the condition of the competency of the deposition as proof was the absence of the witness, still the court might well assume that as matter of fact the witness was absent and that the other party knowing it, waived the proof. There can be no doubt that proof of the absence of the witness can be waived, as one may waive any other benefit or privilege which the law gives him. And it is a familiar rule that when upon the trial of a cause a party rests an objection upon a stated ground he cannot afterwards suggest some other ground for its support not brought to the attention of the court and opposing counsel at the trial. Especially is this so when the latent ground is one which could have been removed if it had been brought to view. A familiar illustration is offered when a copy of a deed or other written instrument is offered in evidence. By a long-settled rule it is not admissible without proof that the original cannot be produced. But if the other party makes no objection, or makes one which is not rested upon the ground that the original is not accounted for, he waives that ground of objection. So, if a deed is offered without proof of the signature, it cannot be received if the opposite party objects on that ground. But, if he objects on some other, he cannot afterwards say that the deed was incompetent for the reason that the signature was not proven. In 8 Encl. of Plead. and Prac. 226, it is said:

"By limiting an objection to the admission of evidence to a particular ground, objections on other grounds are waived. There are two reasons for requiring counsel to state the grounds for objections: First, to show to the trial judge the exact point on which the ruling is asked, in order that he may act advisedly and not be misled; and, second, that the opposite party may have an opportunity to obviate the objection if it is well taken."

And see Stebbins v. Duncan, 108 U. S. 32, 46, 2 Sup. Ct. 313, 27 L. Ed. 641, a very pertinent case, and Wood v. Weimar, 104 U. S. 786, 795, 26 L. Ed. 779. And in 13 Cyc. 1011, it is said:

"An objection to a deposition on the ground that the cause for taking the same was not shown to exist at the time of the hearing will not be considered when presented for the first time upon an appeal"—citing several cases from different jurisdictions.

The judgment must be reversed, and a new trial awarded.