MODOX CO. et al. v. MOXIE NERVE FOOD CO.

(Circuit Court of Appeals, First Circuit. October 9, 1907. On the Merits, November 20, 1907.)

No. 734.

1. INJUNCTION—PROCEEDINGS FOR PRELIMINARY INJUNCTION—OBJECTIONS TO AFFIDAVITS.

Objections to affidavits filed with a motion for a preliminary injunction in a federal court, which go to a matter of form only, must be made in advance of the hearing on the motion, where there is ample time therefor.

2. SAME.

Under the practice of the federal courts, it is not an objection to affidavits filed with a bill and motion for a preliminary injunction in support of such motion that they were previously made and signed and are not entitled in the cause, where it reasonably appears that they were made for the purpose of being used in a suit between the parties.

3. TRADE-MARKS AND TRADE-NAMES—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

An interlocutory order granting a preliminary injunction against the unlawful imitation of a trade-name and unfair competition affirmed, but,

especially as the parties do not agree as to the completeness of the record, full reservation is made for final hearing. Rogers v. International Silver Co. 118 Fed. 133, 134, 55 C. C. A. 83, applied.

[Ed. Note.—Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Evans v. Suess Ornamental Glass Co., 30 C. C. A. 376.]

Appeal from the Circuit Court of the United States for the District of Rhode Island.

For opinion below, see 153 Fed. 487. See, also, 152 Fed. 493; 155 Fed. 304.

George H. Huddy, Jr. (Benjamin B. Dewing and Charles A. Wilson, on the brief), for appellants.

Oliver Mitchell and Robert Cushman (Charles D. Woodberry and Roberts & Mitchell, on the brief), for appellee.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This is an appeal from a decretal order for a preliminary injunction issued by the Circuit Court. The point now submitted to us is based on the following alleged error as assigned:

"In admitting as evidence for the complainant in support of its motion for a preliminary injunction extrajudicial affidavits."

This submission was on briefs with the agreement that it be disposed of before the appeal is heard on the merits.

The bill was filed on March 22, 1907. The motion for the interlocutory injunction and the complainant's affidavits in support thereof were filed with the bill. The docket entries are not made a part of the record. We have therefore nothing to show whether these affidavits were filed by special permission, or order, of the court, or whether any time for hearing the motion was formally fixed, or any order entered in reference thereto. The respondents' affidavits were filed on April 15, 1907, and affidavits in behalf of the complainant in rebuttal were filed on April 23, 1907. The hearing on the motion in the Circuit Court was had on May 4, 1907, and the interlocutory order entered on May 20, 1907. Until the hearing on May 4th, no objection was made to any of the complainant's affidavits, nor was there any motion to strike them out. At the hearing, for the first time, the respondents objected to the reading of the affidavits in support, on the ground, as stated in the record, that they were extrajudicial. This objection was overruled, and the respondents noted an exception thereto. Apparently no objection was taken to the affidavits in rebuttal, and, so far as the record shows, nothing more specific was given as a reason on which the respondents based their objection than the foregoing general statement.

We are now pressed with the facts that the complainant filed a great many affidavits in support of its motion, the first of which was sworn to before a notary public at Boston on the 12th day of March, 1907, and the last before a notary public at Providence on the 21st day of March, 1907, and that none of them was preceded by a separate

caption, although all of them when filed were attached to the motion, which motion had a caption to which no objection is taken.

We do not care to dwell on the form in which the affidavits in rebuttal were made, because no objection was taken to them; and, if the objection to the affidavits in support is sustained, there must be a reversal, while, if it is overruled, no objection can apparently be made to the affidavits in rebuttal which are not made to those filed with the bill.

It is said that all the affidavits in question contain the following statement:

"I make this affidavit for use in a suit which I understand is to be brought by the Moxie Nerve Food Company of New England against the Modox Company, of Providence, R. I."

The respondents, however, call attention to the fact that this paragraph names neither the jurisdiction nor the court in which the suit was to be brought, and we may add that it does not appear that the caption with which these affidavits were bound when they were filed was complete in the statement of the tribunal or of the jurisdiction at the time they were sworn to.

The propositions made by the respondents are not stated in their brief in the way called for by our rules, and therefore they run through the text in such manner that we are not sure we understand them. We read them as follows: First, that the affidavits were sworn to before the bill was filed; second, that, as they name no particular court, they cannot be made use of in any judicial tribunal; third, that, under the circumstances, perjury could not be assigned on any of them.

Inasmuch as none of these matters go to the substance of the testimony, it cannot be questioned that, in view of the fact that the affidavits had been filed so long before the hearing, the objections come too late in accordance with the settled practice in the federal courts. This would be so even in common-law suits. Doane v. Glenn, 21 Wall. 33, 35, 22 L. Ed. 476, and various cases to which the rule has been applied. Much more so in equity, where it becomes very necessary that, before the record is opened on its merits to the Chancellor, all preliminary matters possible be worked out of it. However, as the question raised is an important one, as well as a novel one in this circuit, we will meet it, subject to a certain qualification with reference to one aspect in which the fact that no motion was made to strike out the affidavits in advance of the hearing becomes very material.

The authorities cited by the parties are quite inconsistent, and very few of them, if any, are such as require our attention. There is no question that, under the English practice, affidavits sworn to before a bill is filed cannot be read, and this is rested principally, if not entirely, on the ground that perjury could not be assigned in regard to them. Daniell's Chancery Practice, *891; Francome v. Francome, 11 Jur. N. R. 123. The same reason has sometimes been assigned in the United States in support of the same rule; but, by the nature of things, it could not have much effect in the federal courts, be-

cause there all proceedings for perjury depend on the statutes. If there were no statute providing punishment for perjury, it could not be assumed that the federal courts would stop. Legal proceedings would go on nevertheless. But in the federal jurisdiction there are numbers of extrajudicial jurats which are within section 5392 of the Revised Statutes (U. S. Comp. St. 1901, p. 3653), which governs the general topic of perjury. Caha v. United States, 152 U. S. 211, 14 Sup. Ct. 513, 38 L. Ed. 415; Markham v. United States, 160 U. S. 319, 324, 16 Sup. Ct. 288, 40 L. Ed. 441. An observation in the opinion in Markham v. United States comes directly in point with reference to the breadth of the construction to be given to that statute. There it was observed that a false answer with regard to an inquiry pending before the Commissioner of Pensions laid the basis of criminal proceedings, because "the inquiry presumably related to the claim by him"—that is, by the person who made the answer—"for a pension." It is added:

"The general charge that the statement was made with reference to the pending inquiry," etc., "in connection with the distinct, although general, averments that such statement was material to that inquiry, was quite sufficient under the statute."

This renders inapplicable any suggestion that an affidavit could not lay the basis of a criminal proceeding merely because it preceded the filing of a bill, or the beginning of a suit at common law.

With regard to the entitling, there is authority to the point that, if an affidavit had been entitled, it could not be read under circumstances like those at bar, with the statement that, if not entitled, it could be. We refer particularly to the observations of Judge Blatchford, afterwards Mr. Justice Blatchford, in Baldwin v. Bernard, 9 Blatch. 509, Fed. Cas. No. 797, note, decided in 1861. He also observed that the reading of such affidavits, taken before proceedings in court were formally commenced, is the constant practice on applications for habeas corpus and mandamus, and that "to swear falsely in such affidavits is indictable as perjury." Judge Drummond, who knew the federal practice as well as any judge, in 1875, in Shook v. Rankin, 6 Biss. 477, 480, 481, Fed. Cas. No. 12,804, stated that practice with reference to affidavits, accompanying motions for interlocutory injunctions, made before bills are filed, and not formally entitled, as follows:

"It affirmatively appears, I think, that these affidavits were made for the purpose of being used in this case; and, conceding that they did not at the time contain the proper title of the cause, still they were made and forwarded to counsel, who may be presumed to be authorized by the parties to give the proper character to them by stating the name of the cause in which they were to be used. It seems to me that it would be adopting a very rigid rule, and one hardly in accordance with the liberal practice of the present day, to declare that the affidavits should be rejected because, at the time when the affidavits were made and signed by the parties, the name of the cause was not stated, provided they knew that they were to be used in the cause, although they did not know the technical description of the title of the same."

This states the rule now practiced. We have observed that it did not entirely appear that there was sufficient in the record to show clearly that the motion for the injunction was entitled before it was filed, and therefore to show that the affiants knew, or are presumed

to have known, sufficient facts to bring them within the observations of Judge Drummond, or of the Supreme Court in Markham v. United States, 160 U. S., at page 324, 16 Sup. Ct. 288, 40 L. Ed. 441, already cited. This, however, if important, should have been sifted out on a motion made in advance of the hearing on the merits, and the impossibility of our now sifting it out illustrates the propriety of the rule to which we have referred that all objections which do not go to the testimony of a witness must be settled in a preliminary manner.

The objections of the respondents, now the appellants, to the reading of the affidavits of the complainant, are overruled

## On the Merits.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PER CURIAM. After full consideration and a perusal of the opinion of the learned judge of the Circuit Court, we conclude that the order appealed from was properly made. We desire, however, it should be understood that we reserve the right to give the entire case a re-examination without prejudice if it should come before us on final decree. We especially make this reservation because the parties are not agreed as to the completeness or correctness of the record now before us.

The appellants complain that the terms of the order appealed against are too sweeping. Their propositions on this score are, of course, not discussed in the opinion of the learned judge of the Circuit Court, which was passed down before the order was drafted. We think the position is solved by our opinion in Wm. G. Rogers Co. v. International Silver Co., 118 Fed. 133, 134, 55 C. C. A. 83, and, at any rate, it must be inferred from what we have already said that we are not barred hereby from giving due consideration to the terms of the final decree if the complainant should ultimately obtain one and the respondents are not satisfied with the details thereof.

The order appealed from is affirmed, and the appellee recovers its costs of appeal.